CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 3 0 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| JAMES C. AUSTIN, | ) | Civil Action No. 7:15-cv-00503 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| FREDERICK SCHILLING, <u>et al.</u>, | ) | By:   Hon. Michael F. Urbanski |
|     Defendants. | ) |        United States District Judge |

James C. Austin, a Virginia inmate proceeding <u>pro se</u>, filed a complaint pursuant to 42 U.S.C. § 1983, naming various correctional and medical staff of Virginia Department of Corrections facilities as defendants. Plaintiff generally alleges that defendants failed to adequately treat his medical conditions that resulted from falling down inside various Virginia prisons in 1979 and 2002. In making this general allegation, Plaintiff lists buzzwords to construct his claims. For example, claim one reads, "Defendants violated Plaintiff's United States Constitution amended rights . . . Eighth Amendment not to be subjected to cruel and unusual punishment."

The court must dismiss the complaint for failing to state a claim upon which relief may be granted.[1] The complaint fails to present "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). Plaintiff cannot rely on mere lists of buzzwords, labels, and conclusions to state a claim. <u>Id.</u> Rather, he needs to state in short and plain terms what happened

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. <u>Id.</u> Although the court liberally construes <u>pro se</u> complaints, <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972), the court does not act as an inmate's advocate, <u>sua sponte</u> developing facts or statutory and constitutional claims not clearly raised in a complaint. <u>See</u> <u>Brock v. Carroll</u>, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985); <u>see also</u> <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a <u>pro se</u> plaintiff).

to him that allegedly violated the Eighth Amendment.[2]  Accordingly, the complaint is dismissed without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).[3]

ENTER:  This _____ day of November, 2015.

_____
United States District Judge

---

[2] Plaintiff filed a motion to amend "to add American with disability act [claim] because he is physically handicap, mental illness and illiterate."  The motion to amend is denied as futile for relying on a label and conclusion to set forth a claim.  See, e.g., Foman v. Davis, 371 U.S. 178, 182 (1962).

[3] The applicable limitations period for this action is two years, and Plaintiff's claims appear to have accrued more than two years before he filed the complaint.

2